FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 DEC -1 PM 1:43
CLERK R. Clark
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIE LEE GARDNER,

    Plaintiff,

vs.

ROGERS STATE PRISON and
DANIEL D. STONE, Warden,

    Defendants.

CIVIL ACTION NO.: CV608-016

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the United States Penitentiary McCreary in Pine Knot, Kentucky, filed his Complaint pursuant to 42 U.S.C. § 1983. Plaintiff named Warden Daniel D. Stone ("Stone") and Rogers State Prison ("RSP") as Defendants. Defendants filed a Motion to Dismiss, Plaintiff filed a Response, and Defendants filed a Reply in Support of Motion to Dismiss. For the reasons which follow, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendant Stone took $1 from his inmate reserve balance account. Plaintiff further alleges that when he was paroled, he did not receive $25 he was entitled to pursuant to O.C.G.A. § 42-5-61(a)(3). (Doc. No. 1, p. 5). Plaintiff contends that his Fourth, Fifth, and Fourteenth Amendment rights were violated by Defendants' actions. (Doc. No. 13, pp. 1-2).

Defendants RSP and Stone contend that because Plaintiff's Complaint was filed in forma pauperis, it is subject to a frivolity review. (Doc. No. 11, p. 3). Defendants further contend that Plaintiff's Complaint should be dismissed for failure to state a claim. (Id. at 6). Defendant Stone alleges that he is entitled to qualified immunity. (Id. at 11). Defendant RSP and Defendant Stone, in his official capacity, assert that they can not be sued under § 1983. (Id. at 16). Defendants contend that Plaintiff can not assert a Fourth Amendment cause of action because he was a prisoner at the time he filed his Complaint. (Doc. No. 14, p. 3). Defendants assert that the Georgia Tort Claims Act ("GTCA") bars Plaintiff's claims against Defendant Stone in his individual capacity. (Id. at 6). Defendants finally assert that the GTCA does not waive the State's sovereign immunity for Plaintiff's claims. (Id. at 8).

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986).

The threshold is "exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (citing Conley, 355 U.S. at 45-46).

## DISCUSSION AND CITATION OF AUTHORITY

**I.    Defendant RSP and Defendant Stone, in his Official Capacity, Cannot be Sued under § 1983.**

Defendants contend that Defendant RSP and Defendant Stone, in his official capacity, are not "persons" capable of being sued under § 1983. Defendants RSP and Stone further contend that the Eleventh Amendment bars Plaintiff's claims against Defendant RSP and Defendant Stone in his official capacity. (Doc. No. 11, pp. 16-19). The Eleventh Amendment protects states from being sued in federal court without their consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). A lawsuit against state officials in their official capacities is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id., 491 U.S. at 67. Because the state of Georgia would be the real party in interest in a suit against a government employee in his official capacity, the Eleventh Amendment immunizes him from suit in his official capacity for monetary damages. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Defendant RSP and Defendant

Stone in his official capacity are entitled to the dismissal of Plaintiff's § 1983 claims pursuant to Eleventh Amendment immunity.

## II. Plaintiff's Due Process Rights Were Not Violated.[1]

Defendants RSP and Stone contend that Plaintiff fails to state a claim for the violation of his procedural due process rights. (Doc. No. 11, p. 6). Defendants further contend that Plaintiff does not have a constitutionally protected property interest in the $25 he alleges the state owes him, and, in the alternative, that an adequate state law remedy exists if he has been deprived of a protected property interest. (Doc. No. 11, p. 7). Defendants RSP and Stone assert that adequate state law remedy exists for the $1 Plaintiff alleges was taken from him. (Doc. No. 11, p. 11).

The Supreme Court declared that to have a property interest subject to procedural due process protections, "a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Property interests are created, and their dimensions are defined by, existing rules or understandings that stem from an independent source such as state law. Id. Inmates released from county or Georgia Department of Corrections institutions will be provided with at least $25. O.C.G.A. § 42-5-61(a)(3). This benefit shall be administered through the regulations, which are based upon the knowledge and skill of the board of corrections. O.C.G.A. § 42-5-61(e). Inmates transferred directly to Federal custody upon parole from Georgia Department of Corrections custody are not entitled to

---

[1] Plaintiff alleges violation of his Fifth Amendment and Fourteenth Amendment procedural due process rights. However, his claims are appropriately brought under the Fourteenth Amendment.

this gratuity. Georgia Department of Corrections Standard Operating Procedure IIA01-0008(B)(2).

The evidence before the Court reveals that Plaintiff was transferred directly to federal custody upon his parole from Georgia Department of Corrections custody. (Doc. No. 11, p. 9). Accordingly, Plaintiff did not have a property interest subject to procedural due process protections in the $25 because he did not have a "legitimate claim of entitlement to it." Roth, 408 U.S. at 577.

An inmate may bring a cause of action for intentional deprivation of property under the Fourteenth Amendment, even if claim is based on de minimus pecuniary loss. Harper v. Kemp, 677 F. Supp. 1213, 1215-1216 (M.D. Ga. 1988). An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). The "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). A plaintiff must plead, and prove, that available state remedies are inadequate in order to state a procedural due process claim. Merritt v. Brantley, 936 F. Supp. 988 (S.D. Ga. 1996). The state of Georgia has created a civil cause of action for the wrongful conversion of personal property. O.C.G.A. § 51-10-1.

Plaintiff alleges that Defendant Stone committed an unauthorized intentional deprivation of $1 from his inmate reserve balance account and deprived him of $25 he

was allegedly entitled to upon his parole from Rogers State Prison. Assuming that Plaintiff has suffered a recognizable deprivation, he nevertheless has failed to plead and prove that the State did not provide him with an adequate postdeprivation remedy. Georgia's cause of action for conversion provides adequate post-deprivation relief such that a plaintiff's procedural due process claims for the unauthorized seizure of personal property cannot succeed. Lindsey v. Storey, 936 F. 2d 554 (11th Cir. 1991). Accordingly, Plaintiff's claims that he was deprived of his property in violation of his procedural due process rights should be **DISMISSED**.

### III.  Plaintiff Does Not State a Valid Fourth Amendment Claim.

Defendants RSP and Stone assert that Plaintiff cannot assert a Fourth Amendment cause of action because he was incarcerated at the time of the alleged seizure of his property. (Doc. No. 14, p. 3). Defendants contend that while inmates cannot invoke the protections of the Fourth Amendment, they can seek state tort and common-law remedies for acts regarding their personal property. (Id.) (citing Hudson, 468 U.S. at 530).

"The applicability of the Fourth Amendment turns on whether 'the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action.'" Hudson, 468 U.S. at 525 (citing Smith v. Maryland, 442 U.S. 735, 740 (1979)). The Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of a prison cell. Hudson, 468 U.S. at 528 n.8. "The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." Id., 468 U.S. at 526. A

ripe Fourth Amendment claim is stated when it is showed, on the basis of the facts alleged, that government officials acted unreasonably. Id., 468 U.S. at 537 (O'Connor, S., concurring). If the act of taking possession and the indefinite retention of the property are themselves reasonable, the handling of the property while in the government's custody is not itself a Fourth Amendment concern. Id., 468 U.S. at 538-39 (O'Connor, S., concurring). Personal effects of inmates are routinely searched, seized, and placed in official custody. The searches and seizures are necessary both to protect the detainee's effects and to maintain the security of the detention facility. "The loss, theft, or destruction of property so seized has not, to my knowledge, ever been thought to state a Fourth Amendment claim. Rather, improper inventories, defective receipts, and missing property have long been redressable in tort by action for detinue, trespass to chattel, and conversion." The adequacy and availability of these remedies are questions for the Takings and Due Process Clauses. Id., 468 U.S. at 540 (O'Connor, S., concurring).

Even accepting as true Plaintiff's allegation that $1 was taken from his inmate reserve account, he does not state a valid Fourth Amendment cause of action. The Supreme Court declared in Hudson that the Fourth Amendment proscription against unreasonable searches and seizures did not apply within the confines of a prison cell. Id., 468 U.S. at 528 n8. However, Hudson was addressing a prisoner's rights regarding a prison cell search and seizure. In the case sub judice, the property in question was not property seized in the type of random prison cell search contemplated by Hudson, rather it was money deposited in Plaintiff's inmate reserve account. The safety concerns underlying the Hudson rationale are not as evident in the present case.

However, Justice O'Connor's concurrence in Hudson indicates that a Fourth Amendment cause of action is not appropriate here. The record reveals that the contested $1 was not unreasonably seized and retained by the government. The property in question was placed in the government's custody when Plaintiff freely deposited it in his inmate reserve account. Accordingly, Defendant Stone's alleged stealing of Plaintiff's $1 after it was in the government's custody does not give rise to a Fourth Amendment claim. Plaintiff would more appropriately seek relief in a state tort cause of action. Plaintiff's Fourth Amendment claim should be **DISMISSED**.

It is unnecessary to address Defendants' remaining contentions.[2]

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that Defendant RSP's and Defendant Stone's Motion to Dismiss (Doc. No. 11) be **GRANTED**. Plaintiff's claims should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of December, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants Stone and RSP contend that Plaintiff's state law claims are not valid. (Doc. No. 14, pp. 6-9). However, the Court reads Plaintiff's Complaint (Doc. No. 1) and Response (Doc. No. 13) as merely asserting that state laws were broken in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff does not appear to be asserting individual state law claims.